UNITED STATES

v.

David A. VIETOR, 482 78 4362, Missile Technician Third Class (E–4), U. S. Navy.

NCM 77 0374.

U. S. Navy Court of Military Review.

25 July 1977.

CAPT Eugene A. Ritti, USMCR, Appellate Defense Counsel.

LT Michael C. Farrow, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GREGORY, JJ.

BAUM, Judge:

Appellant, contrary to his pleas of not guilty, was convicted by special court-martial, judge alone, of three specifications alleging possession, sale and transfer of marijuana in violation of Article 92, UCMJ, 10 U.S.C. § 892. The judge imposed a sentence consisting of a bad conduct discharge, confinement at hard labor for three months, forfeiture of $200 per month for three months, and reduction in rate to E–1, which has been approved on review below. The Government's evidence establishing the contraband as marijuana consisted of an Army crime laboratory report to that effect. This report was admitted in evidence under the business entry exception to the hearsay rule pursuant to *United States v. Miller,* 23 U.S.C.M.A. 247, 49 C.M.R. 380 (1974), and *United States v. Evans,* 21 U.S.C.M.A. 579, 45 C.M.R. 353 (1972). Upon trial counsel's offering of the laboratory report, the defense counsel objected to its authenticity. Prior to that he had requested production of the chemist who analyzed the substance for cross-examination on his analysis procedures as well as on the witness's qualifications. The judge denied the request for the witness and overruled defense counsel's objection to the lab report. Appellant now asserts as the sole error in this case that:

THE JUDGE ERRED TO THE PREJUDICE OF APPELLANT IN DENYING THE DEFENSE REQUEST TO PRODUCE THE LAB CHEMIST FOR PURPOSES OF CROSS–EXAMINING THAT INDIVIDUAL ON HIS ANALYSIS TECHNIQUES.

Appellant, citing *United States v. Miller,* and *United States v. Evans,* both *supra,* argues that:

By specifically and repeatedly stating that the purpose of the motion [to produce the witness] was to cross-examine the chemist as to his qualifications and lab analysis methods and techniques,

counsel demonstrated a relevant and material purpose underlying his motion. When the judge denied the motion which was premised upon these grounds, he committed prejudicial error by denying appellant his right of confrontation and cross-examination.

Appellate Government counsel responds that the defense does not have an automatic right for such a witness merely on the assertion that presence is desired for cross-examination on laboratory procedures and qualifications. He argues that appellant is required to comply with paragraph 115, MCM, 1969 (Rev.), and show justification for the production of a requested witness before an order to that effect is warranted. Government counsel also cites *Miller* and *Evans, supra* for his position. Those cases stand for the proposition that a laboratory report identifying a drug is admissible under the business entry exception to the hearsay rule and that the expert conducting the test need not be called as a witness *unless* requested by the defense. In this regard, both cases make it clear that the defense can request production of the witness as their own, with entitlement to cross-examine, but that such is not required for admissibility of the lab report. The testimony would only go to the weight of the evidence. The defense did not request the expert witness in either *Miller* or *Evans.* Accordingly, no specific requirements that must be met in that event were laid out. The Court of Military Appeals in addressing this subject, however, did appear to lend support to appellant's thesis in the instant case. In *Evans,* the Court stated:

While we agree that the report of a government chemical examiner is sufficiently trustworthy to justify its admission in evidence as a business entry . . . we do not intimate that the accused must forgo the right to attack the report's accuracy. If he wishes to do so, he may have the analyst summoned and "attack the regularity of the test procedure and

the competency of the . . . [person] who ran the test . . .." [1]

In *Miller,* the Court referred to the above quote from *Evans* and went on to say that:

> The point of the statement is that as the business entry is admissible without the in-person testimony of the declarant, the accused can assert his right to cross-examination by calling the declarant as a witness and, as provided in rule 806 of the proposed Federal Rules of Evidence, "examine him on the statement as if under cross-examination." 56 F.R.D. at 329.[2]

Although these quotes might appear to support appellant, we believe later comments by the Court in *Miller* make it clear that something more than the bare request for the witness must be submitted to justify his being called. After noting in *Miller* that the defense had not expressly asked that the expert be called, the Court went on to say:

> Further, *counsel did not proffer,* and the trial judge did not give any indication of an inclination to exclude, *evidence as to inaccuracy of the laboratory's procedures or the chemist's competency.* In our opinion, the defense objection implied nothing more than that defense counsel believed the report was not admissible in the absence of testimony by the expert; *there is no hint of an offer of evidence to oppose the "hallmarks of authenticity" that justified admissibility of the Government's exhibit.* [Emphasis added].[3]

The Army Court of Military Review in *United States v. Niederkorn,* 50 C.M.R. 341 (A.C.M.R.1975) was confronted with the same question posed by the instant case, namely: what must appellant submit in support of his demand for the expert witness if a bare request standing alone is insufficient? While determining "that some showing of purpose or necessity by the defense counsel is necessary," the Army Court noted a reluctance to impose the formal requirements of paragraph 115, MCM, 1969 (Rev.), which we do not share.

Paragraph 115 of the *Manual* provides that:

> The trial counsel, defense counsel, and the court-martial shall have equal opportunity to obtain witnesses and other evidence. . . .

> \* \* \* \* \* \*

> A request for the personal appearance of a witness will be submitted in writing, together with a statement, signed by the counsel requesting the witness, containing (1) a synopsis of the testimony that it is expected the witness will give, (2) full reasons which necessitate the personal appearance of the witness, and (3) any other matter showing that the expected testimony is necessary to the ends of justice.

We hold that when a laboratory report is admitted in evidence under the business entry exception to the hearsay rule and a request is made for the personal appearance of the expert who prepared the report, the request must meet this *Manual* requirement. The request in the instant case did not meet this standard. Accordingly, the military judge did not err in denying appellant's request for production of the witness.

As an additional matter, it is noted that appellant objected to the lab report's admission into evidence for lack of authentication. The Government did not call a witness to authenticate the report nor was an attesting or authentication certificate utilized. Instead, trial counsel relied on what he termed "the reply doctrine." He had established by competent evidence that the suspected marijuana had been mailed to the Army crime lab on a certain date with a request for analysis and return, that in the normal course of business such requests were honored by returning the evidence with a laboratory report included, and, that such had occurred in this case. Evidence of the registered mailings was admitted as well as testimony that the suspected mari-

---

1. 21 U.S.C.M.A. at 582, 45 C.M.R. at 356.

2. 23 U.S.C.M.A. at 250, 49 C.M.R. at 383.

3. *Id.*

juana was returned with the lab report included in the package. A returned, signed registered mail receipt was also received in evidence showing that the package of material had been received on a certain date at the crime lab.

Paragraph 143*b*, MCM, 1969 (Rev.) relates to authentication of writings and provides *inter alia* that:

A letter or similar written communication . . . purporting to be a reply from the addressee of a written or other type of message shown to have been communicated to that addressee or to have been placed in a reliable channel of communication may be inferred to be genuine.

Furthermore, paragraph 144*c*, MCM, 1969 (Rev.), which is the section on business entries, provides as follows:

A writing purporting to be a memorandum or record of an act, transaction, occurrence, or event may be authenticated as a business entry by proof that it came through a reliable source from a business whose regular course it was to make a memorandum or record of the act, transaction, occurrence or event, for it may be inferred from this proof that the writing was in fact made as a memorandum or record in the regular course of that business. Also, it is not necessary that a business entry be authenticated by the person who made it or that an authenticating witness have personal knowledge that the entry was correct.

We find that the Army crime lab report was properly authenticated as permitted by these *Manual* provisions.

The findings of guilty and sentence as approved below are affirmed.

Chief Judge CEDARBURG and Judge GREGORY concur.